Benjamin P. Freeman v. Commissioner.
Freeman v. Commissioner
Docket Nos. 68539, 69341.
United States Tax Court
T.C. Memo 1960-20; 1960 Tax Ct. Memo LEXIS 269; 19 T.C.M. (CCH) 113; T.C.M. (RIA) 60020; February 17, 1960
Charles M. Greenspan, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined the following deficiencies in income tax for the years 1946-1948: Additions to Tax
Sec. 293(b),
"Pen-
Year
Deficiency
I.R.C. 1939
alties" *
1946
$63,482.43
$32,221.36
1947
350.58
175.29
1948
272.00
$195.20
*270 By amended answer and motion the Commissioner abandons his claim to the Section 294(d)(2) addition for 1948, in the amount of $22.20, claiming merely a Section 293(b) addition in the amount of $136 and a Section 294(d)(1)(A) addition in the amount of $37; however, he claims an increased deficiency in income tax of $107.61 for 1947 and an increase of $53.81 in the Section 293(b) addition for that year. Findings of Fact Petitioner is an individual, residing at Foggintown Road, Brewster, New York. He filed individual income tax returns for the taxable years 1946, 1947 and 1948 with the then collector of internal revenue for the third district of New York, reporting net income in the amounts of $10,386.80 and $2,205 for the years 1946 and 1947 and adjusted gross income in the amount of $2,976.47 for 1948. In January 1946 petitioner sold certain assets held by him in a business which he conducted as a sole proprietorship under the name of Peerless Blenders. The sale of these assets resulted in a profit of $1,980.17, which the petitioner failed to report in his income tax return for 1946. During 1947 petitioner had net long-term capital gains in the total amount of $4,047.14 and *271 net short-term capital gains in the amount of $286.49, which he failed to report in his Federal income tax return for 1947. The purchase and sale dates and the costs and selling prices of the respective securities giving raise to the unreported capital gains were as follows: LONG-TERM CAPITAL GAINS
Date of Purchase
Date of Sale
Basis
Selling Price
100 shares Adams Express Corpora-
tion, common stock
12/16/46
9/ 2/47
$ 1,593.94
$ 1,674.16
25M Central States Electric Corp.,
5 1/2% deb., due 9/15/54
2/10-11/47
9/23-10/16/47
18,537.50
22,699.52
100 shares Celotex Corporation, com-
mon stock
3/13/47
9/18/47
2,987.41
2,916.06
24M-St. Louis-San Francisco Railway,
Series A, 4 1/2% deb., due 3/1/78
9/6-24/46
6/25/47
8,131.50
8,007.75
$31,250.35
$35,297.49
Long-Term Capital Gain - $4,047.14
Taken into account 50% - $2,023.57
SHORT-TERM CAPITAL GAIN
15M-Hudson Manhattan Railway, First
Lien & Refunding Mtge., Series A
due 2/1/57
6/25/47
8/21/47
$ 8,255.42
$ 8,541.91
Short-Term Capital Gain - $286.49
Total Unreported Capital Gains - $2,310.06
During 1948 petitioner sold certain real estate located at Dykeman, *272 New York. This sale resulted in a profit of $3,500, which petitioner failed to report in his Federal income tax return for 1948. During 1946 petitioner was a partner in Benmar Fabrics, New York, New York, a firm of jobbers in textiles. It had a so-called guaranty account at the Bank of Athens. During 1946 customers' checks were deposited to this account. During that year withdrawals were made from this guaranty account by the partners personally, and petitioner used withdrawals from the guaranty account to acquire assets, including securities, in his individual name. The guaranty account was not shown either in the work papers of the partnership's accountant or on the balance sheet on the income tax return of the partnership. In the course of the investigation of his income tax liability petitioner stated that the books and records of Benmar Fabrics were not available. It was determined that petitioner had an unexplained increase in net worth for the year 1946 of $90,531.37 over and above his reported income. Petitioner was asked to furnish the sources of any non-taxable funds he might have received, or any other funds, to explain his increase in net worth for the year 1946. Petitioner *273 did not claim any gifts or inheritances, nor did he prove any other nontaxable sources of income for 1946. Petitioner was indicted in the United States District Court for the Southern District of New York under Section 145(b) of Title 26 of the United States Code on the charge of wilfully attempting to defeat and evade income tax due for the year 1946. On June 29, 1954, petitioner was convicted upon his plea of guilty to the charge. At least a portion of the deficiency for each of the years 1946, 1947 and 1948 is due to fraud with intent to defeat and evade tax. Opinion RAUM, Judge: At a calendar call on January 7, 1960, petitioner's attorney informed the Court that petitioner would not offer any evidence or appear at any trial to contest the Commissioner's determination. The case was thereafter set for trial on the issues with respect to which the Government had the burden of proof. There was no appearance by or on behalf of the petitioner at the trial, and the Court received evidence presented on behalf of the Commissioner, both as to fraud for all three years and in support of his claim for increased deficiency for 1947. Since no issue as to the *274 statute of limitations was pleaded, the basic deficiencies as originally determined (including the additions other than for fraud, except as conceded in the amended answer) must therefore be approved for failure of proof. As to fraud, we are satisfied on the evidence that at least a portion of the deficiency for each year was due to fraud with intent to evade tax, and we therefore approve the 50 per cent additions to tax based upon fraud. Also, we are satisfied on the evidence that the Commissioner has carried his burden as to the increased deficiency for 1947 claimed in the amended answer. Decisions will be entered in accordance with the foregoing opinion. Footnotes
*. The additions for both 1947 and 1948 were described simply as "penalties". As to 1947 the deficiency notice subsequently indicated that the 1947 "penalty" represented merely the 50 per cent addition under Section 293(b). As to 1948, however, the deficiency notice indicated, without breakdown, that the term "penalties" included not only the Section 293(b) addition but also additions under Section 294(d)(1)(A) and Section 294(d)(2).↩